UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH D. GILBERTI PE,<br><br>                           Plaintiff,<br><br>                -against-<br><br>HOLY SEE, THE VATICAN CITY STATE, ET AL.,<br><br>                         Defendants. | 24-CV-9107 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On May 27, 2025, the Court dismissed this action as frivolous. (ECF 21.) The Clerk of Court entered judgment on May 29, 2025. (ECF 22.) On June 3, 2025, Plaintiff filed a 245-page "Objection to Order of Dismissal" challenging the May 27, 2025 dismissal order. (ECF 23.)

The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him[.]" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A.      Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

In his motion, Plaintiff reiterates the same factual allegations and legal assertions that he set forth in the complaint, and which the Court previously rejected. Because Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action, the Court denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

B.      Motion for Reconsideration under Local Civil Rule 6.3

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

The Court denies Plaintiff's motion under Local Civil Rule 6.3 for the same reasons that it denied his motion under Fed. R. Civ. P. 59(e).

**C.    Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to

3

warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 23.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 5, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

4